Kurren Appeal.

Argued March 17, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Seymour J. Schafer,* with him *Harry Crum,* Solicitor for City of New Kensington, and *Markel, Markel, Levenson & Fischer,* for appellant.

*C. William Berger,* with him *Morris M. Berger,* and *Berger & Berger,* for appellees.

OPINION BY MR. JUSTICE JONES, April 20, 1965:

This appeal challenges the validity of an order of the Court of Common Pleas of Westmoreland County which declared a zoning ordinance of the City of New Kensington (City) invalid on the ground that the City had failed to follow the enabling statute procedure requisite for the enactment of such ordinance.

On November 12, 1963, city council adopted a resolution setting November 26, 1963, as the date for consideration of a proposed zoning ordinance and directing that notice thereof be given by publication. The published notice stated: "Notice is hereby given that, at 8:00 p.m., on Tuesday, November 26, 1963, in the City Hall, at 2400 Leechburg Road, New Kensington, Pennsylvania, the Council of the City of New Kensington *will consider the adoption* of a proposed zoning ordinance for the City of New Kensington. . . . [Description of proposed ordinance].

"Copies of the final report and recommendations of the Planning and Zoning Commission of the City of New Kensington are on file at the City Clerk's Office in the City Hall, New Kensington, Pennsylvania, and may be inspected by any person interested between the hours of 9:00 a.m. and 5:00 p.m. Monday to Friday in-

clusive and 9:00 a.m. to 12:00 noon Saturday." (Emphasis supplied). This notice was duly published.

On November 26, 1963, the city council held a meeting which was attended by more than 100 persons—including H. M. Kurren and Beatrice Kurren, his wife [Kurrens], the present appellees,[1]—who were given an opportunity to express their views for and against the proposed zoning ordinance.[2] At sometime thereafter, undisclosed by this record but certainly before the end of December 1963, the city council enacted the proposed zoning ordinance.

On January 18, 1964, the City building inspector, acting under the zoning ordinance, issued a building permit for the alteration of the front of a store property located across the street from Kurrens' property. On January 29, 1964, Kurrens notified the City Zoning Board of Adjustment [Board] that they were appealing from the issuance of this building permit upon the ground that the zoning ordinance was invalid in that it had not been enacted in accordance with the provisions of §4112 of the Third Class City Code.[3] After hearing, the Board held that the enactment of the zoning ordinance was valid. On Kurrens' appeal, the Court of Common Pleas of Westmoreland County held that the ordinance was invalid because of the failure on the part of the City Council to follow the notice provisions of §4112. From that order the City has taken this appeal.

---

[1] It should be noted that H. M. Kurren with others instituted proceedings in the Court of Common Pleas of Westmoreland County to enjoin city council from holding this meeting: Finding of Zoning Board.

[2] Subsequent to this meeting on November 26, 1963, the city council gave notice that it "would consider a proposed zoning ordinance" and that the first and second readings of such ordinance would take place at 4 p.m. on December 23, 1963.

[3] Act of June 23, 1931, P. L. 932, §4112, as amended, 53 P.S. §39112.

The sole question on this appeal is whether the notice given by the City complied with §4112 of the Third Class City Code, supra?

Section 4112 provides as follows: "Upon receipt of the zoning commission's final report and recommendations, council shall fix a time and place for *public hearing* by it thereon, and shall give at least ten days' notice of the first of such hearings, by publishing a brief notice thereof at least two times, in a daily newspaper of general circulation in the city, in accordance with section one hundred and nine of this act. The notice shall set forth the time and place of the first hearing, and state when and where a copy or copies of the final report and recommendations will be available for public inspection. Upon the conclusion of council's *public hearings,* if a zoning ordinance be deemed advisable by members of council, notice of intention to consider a proposed zoning ordinance shall be published in accordance with section one thousand fourteen of this act." (Emphasis supplied).

It is Kurrens' contention, which was sustained by the court below, that the provisions of §4112 are mandatory, that the published notice of the meeting on November 26, 1963, failed to notify the public of a "hearing" before City Council at which members of the public could express their views concerning the proposed zoning legislation as required under §4112 and that such notice simply informed the public that, on the date of the meeting, city council would "consider" such proposed legislation, a procedural step which could only take place, under §4112, after the conclusion of "public hearings" on such legislation. As expressed by the court below: "The language used in the notice, however, must [under §4112] communicate the essential aspect that views of the public will be welcome, if not necessarily considered."

Section 4112 provides the procedure which must be followed by a city council in the enactment of a zoning ordinance: (1) first, the council must receive from the zoning commission its final report and recommendations; (2) second, council *shall* then *fix* a time and place for a *public hearing;* (3) third, 10 days' notice of the first of such *public hearings* must be given by publication of notice in a daily newspaper of general circulation in the city at least twice; (4) fourth, the notice must be (a) brief, (b) set forth the time and place of the first *public hearing* and (c) when and where the final report and recommendations of the zoning commission will be available for public inspection; (5) fifth, *on the conclusion of the public hearings,* in the event that a zoning ordinance is deemed advisable by city council, council then must give notice of its *intention to consider* such proposed zoning ordinance.

What did city council do in the case at bar? It did receive the zoning commission's final report and recommendations and, although the printed record is silent thereon, we will assume, arguendo, that the council did then *fix* November 26, 1963, at 8:00 p.m. as the time and the city hall as the place for some purpose connected with the zoning commission's final report and recommendations. However, on the state of the record, we cannot assume what the minutes of city council did show as to whether the meeting was for a "hearing" or for *consideration* by council of the proposed zoning ordinance.[4] Council then gave a *notice* to the public requisite both as to the time and manner of pub-

---

[4] The conclusion we reach in this matter is based on the failure to follow the *notice* provisions of §4112. Were we to consider whether the council had abided by §4112 in *fixing* the time and place for a "hearing", the matter would have to be remanded to the court below because the record does not show what appears on the councilmanic minutes as to the purpose for which the time and place were fixed.

lication and, although such notice was "brief" and sufficiently informative as to the availability for public inspection of the zoning commission's final report and recommendations, this notice simply stated that, at the time and the place fixed, the council would *consider* the adoption of proposed zoning legislation. Does such notice satisfy the statutory requirement that the "notice shall set forth the time and place of the first *hearing"?* (Emphasis supplied).

Regardless of §4112, our statutory law requires that every meeting of a city council shall be open to the public.[5] The legislature, certainly aware of its mandate that public *attendance* be permitted at councilmanic meetings, by the employment in §4112 of the words "hearing" or "hearings" contemplated more than public *attendance* at fixed councilmanic meetings. By the employment of the words "public hearings", the "first of such hearings" and "hearings" in §4112, the legislature clearly indicated its intent that, *before* council could *consider* proposed zoning legislation, council must have granted and concluded "hearings", i.e., meetings at which members of the public were given the right to air their views before the council and that of such right to be heard the public had been notified. In the case at bar, the published notice simply stated that at a fixed time and place the city council would *consider* the adoption of a zoning ordinance; no notice was given to the public that, at such fixed time and place, a "hearing" would be held at which members of the public could express their views. Notification of proposed *consideration* by city council of proposed zoning legislation—particularly when *consideration* could take

---

[5] "All meetings of council, whether regular or special, shall be open to the public." Section 1005 of the Third Class City Code, supra, 53 P.S. §36005. "Every public meeting of a board [a board includes a city council] shall be open to the public.": Act of June 21, 1957, P. L. 392, §2, as amended, 65 P.S. §252.

place only upon the conclusion of "public hearings"—cannot be equated with notification of a "hearing" or "hearings" before the council.

Expressed in §4112 is the legislative mandate that, *prior to* any consideration by a city council of proposed zoning legislation, a "public hearing" or "hearings" must be held. A "hearing" contemplates more than mere *attendance* by the public; it connotes a meeting which the public has the right to attend *and* the right to be *heard*. As stated in *People v. Richetti*, 302 N.Y. 290, 97 N.E. 2d 908, 912: "A 'hearing' contemplates the right to be present and to put forth one's contentions by proof and argument (Black's Law Dictionary (3d ed.), p. 882, and cases cited)."[6]

The notice given by city council failed to inform the public that, at the councilmanic meeting of November 26, 1963, a "hearing" would be held at which the members of the public could express their views, pro and con, on the proposed zoning legislation. The provisions of §4112 are mandatory, the city council, in the enactment of this zoning ordinance, failed to follow the provisions of the enabling statute and the resulting legislation must fall. The omission to include in the notice the fact that a "hearing" would be held on the fixed date is not an unimportant or slight omission nor is our construction of §4112 technical. The right to be heard and to express one's views on proposed zoning legislation is a valuable right mandated by the legislature and a failure on the part of the councilmanic body to *inform* the public that such right was available for exercise at a fixed time and place is fatal to any ensuing legislation.

---

[6] *Schlagheck v. Winterfeld*, 108 Ohio App. 299, 161 N.E. 2d 498, 504; *Braden v. Much*, 403 Ill. 507, 87 N.E. 2d 620; *Norwegian Nitrogen Products Co. v. U. S.*, 288 U.S. 294, 53 S. Ct. 350; *Shields v. Utah Idaho Cent. R. Co.*, 305 U.S. 177, 59 S. Ct. 160; *Colonial Beacon Oil Co. v. Zoning Bd. of Appeals*, 128 Conn. 351, 23 A. 2d 151, 152; *In re Masiello*, 25 N.J. 590, 138 A. 2d 393, 398.

The fact that over 100 persons, including Kurrens, did attend the meeting on November 26, 1963, and that they were permitted to express their views does not excuse the failure of city council to follow the statutory mandate nor does it alter the result. In *Kelly v. Philadelphia*, 382 Pa. 459, 474, 115 A. 2d 238,[7] this Court stated: "We cannot say that because a substantial number of persons attended the councilmanic hearing, eight days, as is suggested, was more than sufficient notice of the hearing in this case. The fact that *some* citizens had actual notice is immaterial for the language of the Act is mandatory and where the Legislature [confers] police powers upon a city . . ., its clearly expressed and mandatory provisions cannot be relaxed. [The Court cited *Fierst v. William Penn Memorial Corporation*, 311 Pa. 263, 166 A. 761 and *Nyce v. Board of Commissioners*, 319 Pa. 353, 179 A. 584]."

Order affirmed.

---

[7] The attack in *Kelly* was upon the councilmanic failure to follow the statutory provisions as to the time when notice of proposed councilmanic action must be given.