550 A. 2d 1388

City of Philadelphia, Appellant *v.* John J. Shanahan, Appellee.

Submitted on briefs June 1, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Susan Shinkman,* Divisional Deputy City Solicitor, for appellant.

No appearance for appellee.

OPINION BY SENIOR JUDGE NARICK, December 9, 1988:

John J. Shanahan (Appellee) filed a complaint in equity in the Court of Common Pleas of Philadelphia County against the City of Philadelphia (City), seeking to have City Council (Council) Bill No. 516 stricken for failure to properly advertise its consideration. The Philadelphia Home Rule Charter requires that notice of public hearings on Council bills be published in the three daily newspapers in the City having the largest paid circulation. Bill No. 516 was advertised on October 8, 1985 only in *The Legal Intelligencer* and *The Philadelphia Tribune,* due to the fact that *The Philadelphia Inquirer* and *The Philadelphia Daily News* were not published the weeks of October 6 and October 13, 1985 because of a labor dispute. At the close of the pleadings, the trial court judge granted summary judgment in favor of Appellee, and the City has appealed from that order. We affirm.

Initially, we note that summary judgment is available when a review of the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, considered together, discloses that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. *Calesnick v. Commonwealth of Pennsylvania, Board of Finance and Revenue,* 114 Pa. Commonwealth Ct. 292, 538 A.2d 989 (1988). In addition, it should only be granted where the right thereto is clear and free from doubt. *Id.*

The notice requirement, contained in Section 2-201(5) of the Philadelphia Home Rule Charter, §2.2-201(5), provides, in part:

> Notice of public hearings on bills and notice of bills reported from committee shall be given by advertising in the three daily newspapers of the City having the largest paid circulation, the title of the bill, and in the case of a public hearing, the time and place of the hearing, not less than five days before the public hearing or before the bill comes up for final consideration, as the case may be. In addition, such other notice may be given as will bring public hearings or reported bills to the attention of interested citizens.

In the notes following that section, its purpose is partially described as follows:

> 1. One of the main purposes sought to be accomplished is to prevent the hasty consideration and enactment of ordinances before citizens and the members of Council themselves have had an opportunity to be heard on the subject matter and to consider the wisdom of the proposed legislation.

> Thus, upon its introduction, a bill must be referred to a committee, considered at a public

hearing, at which citizens may testify, reported out by the committee, printed as reported, distributed to the members of the Council and made available to the public. Notice by newspaper advertising must be given of public hearings on bills and of bills reported from committee.

It is obvious that the City failed to strictly comply with Section 2-201(5). As noted above, one purpose of the section is to allow citizens the opportunity to be heard before an ordinance is adopted. The fact that the notice is to appear in the three largest newspapers is indicative of an attempt to assure that the public will have ready access to information concerning ordinances under consideration. In a case involving this same section of the City charter, our Supreme Court held that the failure to comply with publication and public hearing requirements renders the resulting ordinance invalid. *Schultz v. Philadelphia,* 385 Pa. 79, 122 A.2d 279 (1956).[1] As the Court explained in *Kurren Appeal,* 417 Pa. 623, 208 A.2d 853 (1965), the public has a right to such a hearing where it is afforded an opportunity to be heard. (In *Kurren Appeal,* the Supreme Court upheld the invalidation of an ordinance for failure of the New Kensington City Council to comply with the applicable notice provision by not specifying in its published notice that a public hearing would be held.) This Court has also recognized the right of the public to participate in the ordinance enactment process. *Kurtiak v. Commonwealth,* 96 Pa. Commonwealth Ct. 259, 507 A.2d 897 (1986).

---

[1] Although *Schultz* was not a majority opinion and its action in deciding a constitutional question where it was not necessary to do so has been criticized, *see Mt. Lebanon v. County Board of Elections,* 470 Pa. 317, 368 A.2d 648 (1977), the Court in *Mt. Lebanon* expressed approval of its decision to invalidate the bill for failure to comply with Section 2-201.

The City's principal argument is that the notice provision must be given a "reasonable" construction based upon factual circumstances in existence at the time. It was impossible to precisely comply with Section 2-201(5), and to require such compliance would have necessitated the suspension of legislative activity, a result the City contends would be unreasonable. In support of its argument, it relies on 1 Pa. C. S. §1922[2] and on two cases from other jurisdictions, in which publication requirements were impossible to comply with.[3]

---

[2] That Section provides, in part:

In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

[3] Both cases are distinguishable. In *Elmwood Place v. Schanzle,* 91 Ohio St. 354, 110 N.E. 922 (1915), the publication of ordinances was required by statute to be made in two newspapers of opposite politics, printed and published in the municipality. Where no newspaper existed, publication was to be made by posting. The court, in construing the statute, held that where only one newspaper was printed in the municipality (even though others printed outside the municipality were circulated within it), publication in but one newspaper, rather than posting, was required. Unlike in the instant case, the existence of only one newspaper was a permanent condition.

In *City of Medina v. Rose,* 69 Wash. 2d 448, 418 P.2d 462 (1966), the statute required publication in a city's official newspaper, if one was so designated, or in a newspaper published within the city. If no such newspaper existed, publication was to be by posting. The appellant argued that publication was required where there was a newspaper circulated, but not published in the city. The court construed the statute to require public posting and dismissed the challenge. Thus, in *Medina,* strict compliance with the statute *was* possible.

On the facts of this case, where the newspapers' strike was not alleged to have been of long duration,[4] and where the alternative method of publication used by the City could not be said to be reasonably calculated to inform interested parties of the public hearing, we must conclude that the bill is invalid for failure to properly advertise its consideration.[5] The trial court's order is affirmed.

## ORDER

AND NOW, this 9th day of December, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[4] In its new matter, the City stated that the two newspapers did not publish during the weeks of October 6 and October 13, 1985.

[5] The City also argues that Appellee's claim "assumes" that had the bill been properly advertised, it would have been defeated. We do not read such an assumption into the complaint and in light of our discussion above regarding the public's right to be notified of public hearings and given the opportunity to be heard, we decline to consider this argument.