591 A.2d 285

**LOWER GWYNEDD TOWNSHIP, Appellee,**

**v.**

**GWYNEDD PROPERTIES, INC., Appellant.**

Supreme Court of Pennsylvania.

Argued April 11, 1991.

Decided May 21, 1991.

Reargument Denied July 1, 1991.

J. Peirce Anderson, for appellant.

James J. Garrity, Joseph M. Bagley, for appellee.

Before LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In this case the Commonwealth Court held that "substantial" though incomplete compliance with the statutory publication requirements of the Second Class Township Code validated Lower Gwynedd Township's ordinance authorizing a taking of property from appellant, Gwynedd Properties, Inc., under the power of eminent domain, inasmuch as appellant was unable to establish prejudice stemming from the omissions. We reverse the Commonwealth Court and reiterate this Court's consistent view that the statutory steps for enactment of ordinances are mandatory and non-waivable.

Appellant owns a 77–acre tract of land in Lower Gwynedd Township. In January, 1987, it submitted a subdivision plan for the land. The township board of supervisors

directed the township solicitor to prepare an ordinance authorizing the condemnation of the land for use as a conservation area. The ordinance was prepared, a summary of its provisions was published in a newspaper, and the ordinance was adopted by the board of supervisors on December 22, 1987. No full text of the ordinance was published nor was a copy provided to the newspaper which published the summary, nor was a copy filed in the county law library or other designated county office. Appellant's agent was unable to examine or secure a full copy of the ordinance at the law library, the township office or the office of the solicitor prior to its adoption.

The ordinance was enacted pursuant to section 702 of the Second Class Township Code, 53 P.S. § 65741, which provides:

§ 65741. Ordinances

To adopt ordinances prescribing the manner in which such specific powers of the township shall be carried out. All such proposed ordinances, unless otherwise provided by law, shall be published not more than sixty days nor less than seven days prior to passage at least once in one newspaper circulating generally in the township. Public notices of any proposed ordinances shall include either the full text thereof or the title and a brief summary ... setting forth all the provisions in reasonable detail and a reference to a place within the township where copies of the proposed ordinance may be examined. If the full text is not included a copy thereof shall be supplied to a newspaper of general circulation in the county at the time the public notice is published. If the full text is not included an attested copy thereof shall be filed in the county law library or other county office designated by the county commissioners....

Appellant argues that the publication formalities prescribed in the statute are mandatory, and that any ordinance adopted without full compliance with those formalities is void. It relies on our decision in *West Conshohocken Borough Appeal*, 405 Pa. 150, 173 A.2d 461 (1961), and

other cases of this court. The trial court and the Commonwealth Court held that precise compliance with the statutory procedures was not necessary, so long as there was substantial compliance and appellant was not prejudiced by the errors.

In *West Conshohocken Borough Appeal* we reviewed an ordinance adopted under the Borough Code, and held that due to relatively minor deviations from the statutory recording procedures, the ordinance was not recorded "in the legislative sense" and was therefore invalid. *Id.*, 405 Pa. at 159, 173 A.2d at 466. The court discussed the legislative purposes underlying the details of recording an ordinance, which were designed essentially to protect public interests, not private ones. The court therefore refused to impose on a challenger any duty to show prejudice in order to invalidate the ordinance.

Similarly, the Commonwealth Court, in *City of Philadelphia v. Shanahan*, 121 Pa.Cmwlth. 602, 550 A.2d 1388 (1988), *appeal denied* 522 Pa. 586, 559 A.2d 529 (1989), held that a city ordinance was void due to noncompliance with publication requirements set forth in the home rule charter. Notice of public hearings on the ordinance had been published in two, rather than three, newspapers prior to adoption of the ordinance. Again, the purpose was to protect the interests of the public in the legislative process.

The Commonwealth Court distinguished these cases on the rather facile ground that they dealt with different specific statutory requirements than those at issue in this case. The principle common to *West Conshohocken* and *Shanahan*, however, is applicable: the procedures established by the legislature for the enactment of ordinances must be followed strictly in order for an ordinance to be valid.

*Fierst v. William Penn Memorial Corp.*, 311 Pa. 263, 166 A. 761 (1933), applied the same rule to first class townships. The case involved a bill in equity to restrain landowners from using their property for cemetery purposes in alleged violation of the township zoning ordinance.

At the time, the First Class Township Code required the publication of the full text of all ordinances, except for references to maps, plans, or drawings. It was sufficient for the notice to refer to the place in the township where the maps, plans, or drawings could be examined. The notice in question did not state where they could be examined, although the documents were on file with the township secretary. This court rejected the argument that substantial compliance was sufficient.

> It is difficult to see how this meets the requirement that in the publication of the ordinance reference shall be made to the place where the map is on file and can be examined. The mere statement that the zone map accompanied the ordinance did not indicate where it was on file or could be examined.

*Id.*, 311 Pa. at 265, 166 A. at 762. That the name of the township secretary was published, and that the secretary was the keeper of the records, was also insufficient: "Not by inference, but by direct statement, those interested were entitled to know where they could examine the map." *Id.* This court concluded:

> Nor do we think it matters that appellees had knowledge of the provisions of the zoning ordinance before establishing the cemetery. We are not dealing with a valid ordinance, but with an invalid one. Knowledge of the existence of an invalid ordinance cannot cure the defect. Failure to follow the express provisions of the law as to publication made the ordinance of no effect. There are numerous cases which hold that the publication of municipal ordinances is mandatory and until complied with as the law directs, such ordinances are ineffective. Until there was a valid ordinance forbidding it, defendants could use their land for cemetery purposes. That they know such a measure was pending can make no difference so far as their rights are concerned unless it ripened into a lawful enactment.

*Id.*, 311 Pa. at 266, 166 A. at 763 (citations omitted). The deficiencies in *Fierst* are virtually indistinguishable from the deficiencies in this case, and the same reasoning applies here.

If a published notice fails to satisfy the statutory requirements, the fact that members of the public, or even the appellants themselves, appeared at the hearing does not breathe life into an otherwise void ordinance. In *Kelly v. City of Philadelphia*, 382 Pa. 459, 115 A.2d 238 (1955), this court held an ordinance invalid because only eight days' notice was given rather than the required fifteen. In *Kurren Appeal*, 417 Pa. 623, 208 A.2d 853 (1965), the publication was deficient only in omitting that a "public hearing" would be held, though it stated that the council "will consider the adoption of a proposed zoning ordinance." In both cases, this court ruled that the attendance of a large number of people at the hearing, including the appellants themselves in *Kurren*, does not excuse the municipality's failure to comply with the mandatory statutory publication requirements. The right of the public to participate in the enactment of municipal ordinances required that municipalities strictly follow the prescribed notice procedures in order to validate any ensuing legislation.

The precedents of this Court have been consistent in holding that statutory publication requirements are mandatory and that ordinances adopted without strict compliance are void. The public's interest in the legislative process demands no less, and appellee has presented no valid reason to abandon the rule.

Accordingly, the order of the Commonwealth Court must be reversed. Order reversed.

NIX, C.J., did not participate in the consideration or disposition of this case.