601 A.2d 927

**Don JOHNSON and Judy Johnson, his wife, Fred Duckloe and Joan Duckloe, his wife, and Concerned Citizens of Stroud Township**

v.

**ZONING HEARING BOARD OF STROUD TOWNSHIP, and Marvin Papillon, and Township of Stroud, and Donohoe, O'Brien Stroud Associates Limited Partnership, a Pennsylvania Partnership (Three Cases).**

**Appeal of Marvin PAPILLON.**

**Appeal of TOWNSHIP OF STROUD.**

**Appeal of DONOHOE, O'BRIEN STROUD ASSOCIATES LIMITED PARTNERSHIP, a Pennsylvania Partnership.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided Jan. 6, 1992.

---

William E. Schantz and Bernard M. Billick, for appellants.

David J. Ceraul, for appellees.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Marvin Papillon, the Township of Stroud, and Donohoe, O'Brien Stroud Associates Limited Partnership (collectively Appellants) appeal an order of the Court of Common Pleas of Monroe County reversing a decision of the Zoning Hearing Board of Stroud Township (Board) which dismissed a challenge filed by Don Johnson, Judy Johnson, Fred Duck-

loe, Joan Duckloe and the Concerned Citizens of Stroud Township (collectively Protestants) and affirmed the adoption and enactment of the Stroud Township Zoning Ordinance No. 109, *as amended and enacted,* August 15, 1990 (Ordinance). The order of the trial court is affirmed.

Don and Judy Johnson and Fred and Joan Duckloe own property in a residential subdivision in Stroud Township called Old Mill Run. Their respective properties and three and one-half other lots abut a tract of land owned by Marvin Papillon (Papillon Tract). On August 15, 1990, the Stroud Township Board of Supervisors (Supervisors) adopted comprehensive amendments substantially modifying and completely restating the Ordinance. The Papillon Tract is one of eighteen parcels of land rezoned thereunder.

Prior to enactment of the amendments, the Township Zoning Officer, Marv Walton, posted notices of a public hearing at the respective eighteen parcels of land. The Supervisors conducted public hearings on July 10 and July 26, 1990. Protestants attended the public hearings and voiced their opposition to the amendments. On September 7, 1990, Protestants filed an appeal with the Board challenging the validity of the Ordinance. Protestants alleged that the notice of public hearing was not properly posted at the Papillon Tract because the notices were only posted along the portion of the track abutting Route 611 and were not posted along the property's perimeter as required by Section 609(b) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10609(b).[1]

The Board conducted a hearing on November 8, 1990. At the hearing, Marv Walton testified in pertinent part:

1. 53 P.S. § 10609(b) provides:
   (b) Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice. In addition, if the proposed amendment involves a zoning map change, notice of said public hearing shall be conspicuously posted by the municipality at points deemed sufficient by the municipality along the perimeter of the tract to notify potentially interested citizens. The affected tract or area shall be posted at least one week prior to the date of the hearing.

Q. [D]id you ever post any notice on the portion of the Papillon tract that would adjoin Old Mill Run?

A. No, I did not.

Q. Why not, sir?

A. It's a heavily wooded area. I believe the spirit of the Municipal Planning Code is to post notices where they will be seen. I do not think the notice on the rear property line of the Papillon tract would have been conspicuous.

Q. Are you familiar with the provisions of Section 609B of the Municipalities Planning Code?

A. Yes, I am.

Q. Would I be correct in stating that that section refers to posting the perimeter of the premises?

A. It states that shall be conspicuously noted at points being sufficient by—

Q. Along the perimeter. What is your understanding of the word perimeter?

A. Around.

Q. It's your testimony you did not post it on the—would that be the southerly portion of the tract—easterly portion of the tract, the portion that adjoins Old Mill Run?

A. I know where you are speaking about. No, I did not.

Q. If you were an individual who lived in Old Mill Run and you walked through those woods, would you have seen any posting?

A. No.

Q. You feel that that's conspicuous?

A. Conspicuous to the traveling public throughout the township, yes.

N.T., pp. 13–14. In addition, Fred Duckloe testified in pertinent part:

Q. [D]id you observe any posters or signs or any of those, whatever, in Old Mill Run?

A. No, I did not. I walked the perimeter of Old Mill Run. I also walked along Lloyd Land and Terrace Place which also abuts commercial property, and I did not see

any postings from the street or any place along those areas.

*Id.* at 67.

The Board denied and dismissed Protestants' challenge concluding:

1. Proper notice of the proposed zoning map change in the proposed revised zoning ordinance was conspicuously posted by the Township at appropriate points along the perimeter of the affected tracts in order to notify potentially interested citizens of the public hearing scheduled on the amendments.

2. The Appellants received actual notice of the public hearings and were present at both public hearings.

3. The Township properly advertised public notices of both the public hearing on the amendments and the proposed enactment of the amendment ordinance, as required under Sections 609 and 610 of the Municipalities Planning Code.

4. The Stroud Township Zoning Ordinance, as amended, as enacted on August 15, 1990, was lawfully and validly enacted and ordained in accordance with all requirements of the Pennsylvania Municipalities Planning Code.

Board Decision, pp. 17–18. By order dated May 2, 1991, the Court of Common Pleas of Monroe County reversed the Board holding that the Supervisors failed to properly post the Papillon Tract pursuant to Section 609(b) of the Code. The issues Appellants raise in this appeal are whether the Papillon Tract was properly posted pursuant to Section 609(b) of the Code; and whether Protestants are estopped from contesting the method of posting since they had actual notice of the public hearing.

Where the trial court received no additional evidence, this Court's scope of review is limited to a determination of whether the zoning hearing board abused its discretion or committed an error of law. An abuse of discretion will be found to exist only where the zoning hearing board's finding of facts are not supported by substantial evidence. *Kassouf v. Zoning Hearing Board of Scott Township,* 112

Pa.Commonwealth Ct. 182, 535 A.2d 261 (1987); *McCarron v. Zoning Hearing Board of Borough of Lansdale*, 37 Pa.Commonwealth Ct. 309, 389 A.2d 1227 (1978).

Generally, statutes calling for notice in a particular manner and form before a zoning law is adopted or amended are mandatory and nonwaivable. *Kurren Appeal*, 417 Pa. 623, 208 A.2d 853 (1965); *Kelly v. Philadelphia*, 382 Pa. 459, 115 A.2d 238 (1955). The procedures established by the legislature for the enactment of ordinances must be strictly followed in order for an ordinance to be valid. *Lower Gwynedd Township v. Gwynedd Properties, Inc.*, 527 Pa. 324, 591 A.2d 285 (1991). "If a published notice fails to satisfy the statutory requirements, the fact that members of the public, or even the appellants themselves, appeared at the hearing does not breathe life into an otherwise void ordinance." *Id.*, 527 Pa. at 329, 591 A.2d at 287; *Kurren.*

In the matter *sub judice*, the Code dictates the manner and form of posting notice of a public hearing before voting on the enactment of an amendment involving a zoning map change. Section 609(b) of the Code provides that notice must be posted at points along the perimeter of the tract. The Township Zoning Officer testified that he was familiar with the Code, he understood that the word "perimeter" meant "around", and that he only posted notice along one portion of the tract. Since notice was not posted as required, and the notice requirement of Section 609(b) of the Code is mandatory, noncompliance renders the Ordinance invalid. Thus, the Board erred as a matter of law in concluding that notice was properly posted and that the Ordinance was lawfully and validly enacted. The fact that Protestants had actual notice and/or were not prejudiced does not excuse the Supervisors' noncompliance.[2]

**2.** Appellants further contend that compliance with this statute would have been absurd, impossible of execution or unreasonable. While this Court agrees with Appellants that Section 609(b) of the Code should not be construed to effectuate results that are absurd, impossible of execution or unreasonable, this Court disagrees that this case presents such effects. Herein, the Supervisors admittedly did not comply with the statute. The Township Zoning Officer did not testify

Accordingly, the order of the trial court reversing the decision of the Board is affirmed.

## ORDER

AND NOW, this 6th day of January, 1992, the order of the Court of Common Pleas of Monroe County is affirmed.

DOYLE, Judge, dissenting.

Respectfully, I disagree with the majority view that the requirements of Section 609(b) of the Pennsylvania Municipalities Planning Code (Code) [1] have not been complied with by Stroud Township in this case. Contrary to the expression of what Section 609(b) requires (P. 929), *i.e.,* "that notice must be posted at points along the perimeter of the tract," the full text of the pertinent provisions of Section 609(b) (P. 928, n. 1) is as follows:

[N]otice of said public hearing shall be conspicuously posted by the municipality *at points deemed sufficient by the municipality along the perimeter of the tract to notify potentially interested citizens.* (Emphasis added.)

Here, no less than 200 notices of the hearing were posted by Mr. Marv Walton, the zoning enforcement officer, and he listed and detailed exactly where each and every such posting was made in a seven-page letter dated July 9, 1990 which is part of the record. Furthermore, the wooded rear of the Papillon tract is also the rear of the five properties which back up to that tract in Old Mill Run.[2] N.T. 19–20.

that he posted notices along the perimeter to the extent possible, practical or reasonable. In fact, he testified he did not post notices "around" the perimeter. This was purely noncompliance rendering the Ordinance invalid.

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10609(b).

2. Q. [C]ould you tell me what portion of Old Mill Run, in terms of lots or residents or streets actually adjoin the Papillon tract, how many lots, if you know?
. . . .
A. [F]rom this property line [reading from a zoning map] down to this one contain four—five full lots and a portion of a sixth lot. N.T. 19.

The Old Mill Run Homeowners Association had notice of the hearing, N.T. 72–75, and approximately 20 to 25 residents of Old Mill Run attended and participated in the hearing,[3] N.T. 72, after representatives of that Association went door to door in the development and informed the homeowners of the hearing and urged them to attend.

Nothing in the opinion of *Mid–County Manor, Inc. v. Haverford Township Board of Commissioners,* 22 Pa.Commonwealth Ct. 149, 348 A.2d 472 (1975), relied upon as precedent by the trial court, would require us to reverse the findings of the zoning hearing board that found that proper notice had been made by the Township and that the protestants had actual notice of the hearings and were present at both public hearings on the zoning change. Quite to the contrary, I believe the import of *Mid–County Manor* is that the burden is upon the protestants to prove that the points deemed sufficient by the Township were not sufficient, and that if the protesting parties had actual notice they will not be heard to challenge the technical requirement of notice absent a showing of prejudice.

3. Q. Can you tell how many residents of your development were here at the first meeting. . . .

. . . .

A. I couldn't tell you how many people were here. I would say probably 20, 25.

N.T. 72.