632 A.2d 1072

**BUDCO THEATRES, INC., Appellant,**

**v.**

**ZONING HEARING BOARD OF SPRINGETTSBURY TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1993.

Decided Oct. 21, 1993.

258

Lewis A. Grafman, for appellant.

Donald H. Yost, for appellee.

Before CRAIG, President Judge, and SMITH, J., and KELTON, Senior Judge.

SMITH, Judge.

Budco Theatres, Inc., appeals from an order of the Court of Common Pleas of York County affirming a decision of the Zoning Hearing Board of Springettsbury Township (Board) which dismissed its challenge to the Springettsbury Township Zoning Ordinance, enacted October 4, 1990 (Ordinance). The issues presented to this Court are whether the trial court erred in determining that the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101—11202, requires a landowner to submit a proposed plan of development before a zoning hearing board can consider a substantive challenge to an ordinance; whether the Board erred in determining that Springettsbury Township (Township) was not required to hold a second public hearing before proceeding to vote on enactment of the Ordinance; and whether the trial court erred in determining that the Township was not required to readvertise before proceeding to vote on enactment of the Ordinance.

Budco owns approximately 24.8 acres of land and improvements in the Township of which 3.5 to 4.3 acres were zoned apartment-office (A–O) and the remainder zoned commercial-highway (C–H). The Township proposed revisions to its zoning ordinance under which 6.3 acres of Budco's land would have been zoned C–H and the remainder would have been zoned office (O). A public hearing was held on August 28, 1990 at which representatives of Budco appeared, objected to the proposed ordinance, and requested, inter alia, that the Township zone all of Budco's land C–H and list theaters as a permitted use in a C–H zone. The Township changed the proposed ordinance after the public hearing and under the Ordinance, 12.2 acres of Budco's land were zoned C–H and the remainder zoned A–O.

Budco appealed to the Board challenging the ordinance on substantive and procedural grounds. The Board determined that presentation of an actual development plan is a jurisdic-

tional prerequisite to its consideration of a substantive challenge to a zoning ordinance and dismissed Budco's substantive challenges that the amendments constituted exclusionary and spot zoning. With respect to Budco's procedural challenges concerning the failure to give notice and to conduct another public hearing on proposed changes, the Board noted that the A–O classification was not a part of the proposed ordinance and determined, in pertinent part, that the A–O classification existed in the Township for over thirty years; Budco's site was historically zoned A–O; Budco has more uses available to it under the A–O classification than under the O classification; and reintroduction of the A–O zone only affected 11.7 acres out of a total 10,334 acres in the Township. The Board concluded that the Township's reintroduction of the A–O zone did not result in a significant disruption in the continuity of the proposed legislation or an appreciable change in the overall policy within the Township which would have required another public hearing before the Ordinance was enacted; and dismissed Budco's procedural challenge. Budco appealed to the trial court which affirmed the Board.

On appeal to this Court, Budco argues that the trial court ignored the plain language of Section 916.1(c)(1) of the Code, added by Section 99 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1(c)(1), which does not require a landowner to submit plans to raise a substantive challenge before a zoning hearing board. Budco further argues that in dismissing its procedural challenge, the trial court erred in determining that because the Ordinance repealed and replaced a previous ordinance, Section 608 governed and the Township was not required to hold another public hearing before it enacted the Ordinance; and failed to consider Section 610(b), 53 P.S. § 10610(b), which requires readvertising if substantial amendments are made to a proposed ordinance or a proposed amendment to an ordinance.[1]

Section 916.1 provides in pertinent part:

1. Where the trial court received no additional evidence, this court's scope of review is limited to a determination of whether the zoning hearing board abused its discretion or committed an error of law.

(a) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provisions thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

(1) to the zoning hearing board under section 909.1(a); or

(2) to the governing body under section 909.1(b)(4), together with a request for a curative amendment under section 609.1.

. . . .

(c) The submissions referred to in subsection (a) and (b) shall be governed by the following:

(1) In challenges before the zoning hearing board, the challenging party shall make a written request to the board that it hold a hearing on its challenge. The request shall contain the reasons for the challenge. Where the landowner desires to challenge the validity of such ordinance and elects to proceed by curative amendment under section 609.1, his application to the governing body shall contain, in addition to the requirement of the written request hereof, the plans and explanatory materials describing the use or development proposed by the landowner. . . . [Footnotes omitted.]

The plain language of a statute cannot be disregarded if it is free and clear from all ambiguity. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b); *Big "B" Mining Co. v. Department of Environmental Resources,* 142 Pa.Commonwealth Ct. 215, 597 A.2d 202 (1991), *appeal denied,* 529 Pa. 652, 602 A.2d 862 (1992). Furthermore, this Court has recognized that "[w]here some things are specifically designated in a statute, things omitted should be understood as having been excluded; this principle is that expressed by the maxim 'expressio unis est exclusio alterius.' " *East*

*Johnson v. Zoning Hearing Board of Stroud Township,* 144 Pa.Commonwealth Ct. 479, 601 A.2d 927, *appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992). An abuse of discretion will be found to exist only where the zoning hearing board's finding of facts are not supported by substantial evidence. *Id.*

*Stroudsburg Univ. v. Hubbard,* 140 Pa.Commonwealth Ct. 131, 138, 591 A.2d 1181, 1185 (1991), quoting *Samilo v. Insurance Department,* 98 Pa.Commonwealth Ct. 232, 234–35, 510 A.2d 412, 413 (1986).

In the matter sub judice, the trial court reasoned that the deletion of wording from the Code which had previously explicitly required a landowner to submit plans when substantively challenging an ordinance, was an oversight on the part of the legislature. However, Section 916.1 specifically provides that when a landowner chooses to proceed under Section 916.1(a)(1), he or she need not submit plans although a landowner proceeding under Section 916.1(a)(2) must submit plans and other materials. Since Budco proceeded under Section 916.1(a)(1) and was not required to submit plans, the Board and the trial court erred by dismissing its substantive challenges.

With respect to Budco's procedural arguments, the enactment of a zoning ordinance is governed by Section 608 of the Code, 53 P.S. § 10608, and the enactment of an amendment to a zoning ordinance is governed by Section 609, 53 P.S. § 10609. Section 608 provides in pertinent part that "before voting on the enactment of a zoning ordinance, the governing body shall hold a public hearing thereon, pursuant to public notice." Section 609 similarly requires that a public hearing be held before an amendment is enacted but further requires that "[i]f, after any public hearing held upon an amendment, the proposed amendment is changed substantially, or is revised, to include land previously not affected by it, the governing body shall hold another public hearing, pursuant to public notice, before proceeding to vote on the amendment."

In *Fassman v. Skrocki,* 37 Pa.Commonwealth Ct. 302, 390 A.2d 336 (1978), this Court recognized the distinction between these two sections of the Code and held that a zoning ordinance was properly enacted even though a change to the proposed but unenacted zoning ordinance was made after the initial public hearing and the changed ordinance was not readvertised or an additional public hearing held before it was

enacted. The record in this case unquestionably demonstrates that the Ordinance was written in accordance with a newly drafted comprehensive plan and was not an amendment to the previous ordinance but repealed and replaced that ordinance. Therefore, Section 608 governed enactment of the Ordinance and the Township was not required to hold another public hearing because changes were made after the August hearing.

■■■ Moreover, even if the Ordinance were governed by Section 609, an additional public hearing would not be required because insignificant modifications made to a proposed amendment after advertisement and public hearing do not require a rehearing. *Sweigart Appeal,* 117 Pa.Commonwealth Ct. 84, 544 A.2d 74 (1988). Rehearing is only required where changes are substantial in relation to the legislation as a whole, resulting in a significant disruption in the continuity of the proposed legislation or some appreciable change in overall policy. *Willey Appeal,* 399 Pa. 84, 160 A.2d 240 (1960). The Township's reintroduction of the A–O zone was not a substantial change to the proposed ordinance because, as the Board found, it did not result in a significant disruption in the continuity of the legislation as the change only effected 11.7 acres out of a total 10,334 acres in the Township; nor did the change in classification result in an appreciable change in the overall policy since the A–O classification existed for over thirty years in the Township and Budco's site was zoned A–O under the previous ordinance.[2]

■■ Budco also argues Section 610(b) [3] clarifies the Code's requirement that if substantial amendments are made after a hearing, regardless of whether the initial hearing was conducted under Section 608 or 609, readvertising "at the very least"

2. Budco has not challenged these findings as not being based upon substantial evidence.

3. 53 P.S. § 10610(b) provides:

   In the event substantial amendments are made in the proposed ordinance or amendment, before voting upon enactment, the governing body shall, at least ten days prior to enactment, readvertise, in one newspaper of general circulation in the municipality, a brief summary setting forth all the provisions in reasonable detail together with a summary of the amendments.

is mandated and the Township failed to readvertise. However, Budco failed to raise this challenge in either its appeal to the Board or its appeal to the trial Court. Consequently, any argument regarding the Township's failure to readvertise is deemed waived and this Court will not address the argument in this appeal.

Accordingly, the order of the trial court is reversed as to the dismissal of Budco's substantive challenges and the case is remanded for disposition of this issue. The trial court is affirmed however as to the dismissal of Budco's procedural challenges.

### ORDER

AND NOW, this 21st day of October, 1993, the order of the Court of Common Pleas of York County is reversed in part and this case is remanded for further consideration of the substantive challenges raised by Budco Theatres, Inc. to enactment of the Springettsbury Township Ordinance. The court's order is affirmed with respect to the dismissal of Budco Theatres' procedural challenge.

Jurisdiction relinquished.