Terry R. RICKERT, Robert L. Junkins, M. Everett Weiser and Olive L. Weiser

v.

**LATIMORE TOWNSHIP BOARD OF SUPERVISORS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 29, 2004.

Decided March 7, 2005.

Ronald A. Turo, Carlisle, for appellant.

Charles M. Suhr, Harrisburg, for appellees.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEADBETTER.

The owners of several tracts of land along "old route 15" in Latimore Township challenged the procedure of the Township's Board of Supervisors (Supervisors) employed in enacting new zoning regulations that rezoned their tracts from Commercial–Industrial to Agricultural–Conservation and made various other text and map changes to the 1987 Ordinance. The Zoning Hearing Board (ZHB) upheld the new zoning regulations. Landowners, Terry R. Rickert, Robert L. Junkins, M. Everett Weiser and his wife Olive L. Weiser appealed to the Court of Common Pleas of Adams County (common pleas), which reversed the ZHB. The Township filed the present appeal. We affirm.

On March 4, 2002, the Supervisors enacted the 2002 Zoning Ordinance, which encompasses 105 pages and appears to be a complete ordinance that essentially replaces the prior 1987 Ordinance. At the same time, they also adopted a zoning map that decreased the size of the Commercial–Industrial District and added two new zoning districts.[1] These changes followed the adoption of a revised comprehensive plan in July of 2000, and a nearly two-year period during which the Planning Commission and the Supervisors considered and revised proposed changes to the 1987 Ordinance. For example, the record contains the transcript of a public hearing on October 16, 2000, at which the Supervisors took public comments on the draft of ordinance changes and, thereafter, referred the comments back to the Planning Commission in contemplation of draft revisions. Prior to enactment on March 4, 2002, the Planning Commission discussed the proposed changes at regularly scheduled public meetings on August 28 and September 25, 2001 and January 22 and February 26, 2002. In addition to review by the Township Planning Commission, the Supervisors submitted proposed revisions to the Adams County Planning Commission at various times during consideration and revision of drafts and received review letters on October 20, 2000, June 26, 2001 and March 4, 2002.

On January 24, 2002, the Supervisors published notice of a meeting scheduled for January 28 expressly to set a date to hear public comments on the proposed zoning ordinance and map. On February 15, the Supervisors published notice in the *Gettysburg Times* announcing the public hearing scheduled for March 4, "to consider a proposed amendment and the adoption thereof" and informing that a copy of

---

1. The Supervisors added the Agricultural–Conservation II (AC II) District, located in a relatively small area in the northeast, where uses are permitted additional to those permitted in the established AC I District. The new ordinance also added the Residential–Lake Meade (R–LM) District, located along the west side of Lake Meade in an area previously zoned Residential–Agricultural (RA) and there reduced the permitted uses previously provided under the RA regulations. Notably, the regulations for the newly created AC II District permit "concentrated animal operations" by special exception and thereby provide for this more intense agricultural use and its attendant detrimental impacts within a more limited area than the larger AC I District.

the proposed ordinance was available at the Township building for examination without charge or that a copy could be obtained at cost upon request. On February 22, the Supervisors published two notices in the *Gettysburg Times*. One notice, in all capital letters, announced the time and place for the March 4, "special meeting for the purpose of considering and/or adopting a zoning ordinance amendment." The other, appearing just below the first, announced the same information, directed that the proposed ordinance could be examined in the Township building and listed as a "summary of the proposed amendments," a short general description of the subject matter of each article of the ordinance. In the same newspaper, on February 25, the Supervisors again published this notice containing the "summary." Notably, the summary does not describe or even hint at which sections or in what manner the 1987 Ordinance is amended by the contemplated new ordinance.

In addition to these published notices, the Township posted approximately 24 notices at various sites around the Township. In particular, the posted notices were placed where map changes were contemplated in the area of the Residential–Agricultural District in the western part of the Township, along the Route 15 corridor where changes were contemplated in the Commercial–Industrial District and in an area in the eastern part of the Township under consideration for rezoning to Agricultural–Conservation II. ZHB Hearing May 23, 2002, Appellant's Exh. 2. The Township did not post notices in the area where it proposed that a portion of the Residential–Agricultural District near Lake Meade be rezoned to the newly created Residential–Lake Meade District or near tracts in the northeast where minor changes were contemplated in the Residential–Agricultural and Residential–Suburban Districts.

■ Following the March 4 enactment, Landowners filed a timely procedural challenge to the ZHB. Landowners contended that the Supervisors adopted a new ordinance without strictly complying with the requirements in Section 607 and 608 of the Municipalities Planning Code (MPC),[2] *as amended,* 53 P.S. §§ 10607 and 10608.[3] In

---

2. Act of July 31, 1968, P.L. 805.

3. Sections 607 and 608, directing the process for adopting a new ordinance, provide as follows:

   **Preparation of proposed zoning ordinance**
   (a) The text and map of the proposed zoning ordinance, as well as all necessary studies and surveys preliminary thereto, shall be prepared by the planning agency of each municipality upon request by the governing body.
   (b) In preparing a proposed zoning ordinance, the planning agency shall hold at least one public meeting pursuant to public notice and may hold additional public meetings upon such notice as it shall determine to be advisable.
   (c) Upon the completion of its work, the planning agency shall present to the governing body the proposed zoning ordinance, together with recommendations and explanatory materials.

   (d) The procedure set forth in this section shall be a condition precedent to the validity of a zoning ordinance adopted pursuant to this act.
   (e) If a county planning agency shall have been created for the county in which the municipality adopting the ordinance is located, then at least 45 days prior to the public hearing by the local governing body as provided in section 608, the municipality shall submit the proposed ordinance to said county planning agency for recommendations.
   Section 607, *as amended,* 53 P.S. § 10607.
   **Enactment of zoning ordinance**
   Before voting on the enactment of a zoning ordinance, the governing body shall hold a public hearing thereon, pursuant to public notice. The vote on the enactment by the governing body shall be within 90 days after the last public hearing. Within 30 days after enactment, a copy of the zon-

particular, the Landowners contended that the Supervisors rather than the Township Planning Commission prepared the text and map of the new ordinance and that published notice failed to announce the map changes. Alternatively, Landowners asserted that even if considered as an amendment to the 1987 Ordinance, the Supervisors failed to submit the amend-ments to the Planning Commissions of both the Township and the County and failed to publish and post notice as required under Section 609 of the MPC, *as amended*, 53 P.S. § 10609.[4] In particular, the Landowners contended that published notice did not announce the contemplated map changes and posted notices were inadequate in number and placement.[5]

> ing ordinances shall be forwarded to the county planning agency or, in counties where no planning agency exists, to the governing body of the county in which the municipality is located.
>
> Section 608, *as amended*, 53 P.S. § 10608.

4. Section 609 establishes the process for amendment, as follows:

> **Enactment of zoning amendments**
>
> (a) For the preparation of amendments to zoning ordinances, the procedure set forth in Section 607 for the preparation of a proposed zoning ordinance shall be optional.
>
> (b) Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice. In addition, if the proposed amendment involves a zoning map change, notice of said public hearing shall be conspicuously posted by the municipality at points deemed sufficient by the municipality along the tract to notify interested citizens. The affected tract or area shall be posted at least one week prior to the date of the hearing.
>
> (c) In the case of an amendment other than that prepared by the planning agency, the governing body shall submit each such amendment to the planning agency at least 30 days prior to the hearing on such proposed amendments to provide the planning agency an opportunity to submit recommendations.
>
> (d) If, after any public hearing held upon an amendment, the proposed amendment is changed substantially, or is revised, to include land previously not affected by it, the governing body shall hold another public hearing, pursuant to public notice, before proceeding to vote on the amendment.
>
> (e) If a county planning agency shall have been created for the county in which the municipality proposing the amendment is located, then at least 30 days prior to the public hearing on the amendment by the local governing body, the municipality shall submit the proposed amendment to the county planning agency for recommendations.
>
> (f) The municipality may offer a mediation option as an aid in completing proceedings authorized by this Section. In exercising such an option, the municipality and mediating parties shall meet the stipulations and follow the procedures set forth in Article IX [concerning zoning hearing board and other administrative proceedings].
>
> (g) Within 30 days after enactment, a copy of the amendment to the zoning ordinance shall be forwarded to the county planning agency or, in counties where no planning agency exists, to the governing body of the county in which the municipality is located.
>
> Section 609, *as amended*, 53 P.S. § 10609. The most recent amendment to Section 609, enacted in January 11, 2002 and effective 90 days thereafter is not applicable to the present action inasmuch as the legislature made the 2002 amendments to the MPC applicable to appeals filed after the effective date. *See* Section 5 of the Act of January 11, 2002, P.L. 13.

5. In addition to the notice requirements in Section 608 for a new ordinance and Section 609 for amendments, both new and amendatory ordinances must comply with the requirements in Section 610 for publication, advertisement and availability of the proposed ordinance. We note that common pleas concluded that the Supervisors failed to satisfy the requirements of Section 610 in failing to accurately describe the proposed ordinance and, particularly, in attaching the wrong zoning map to the copy of the proposed ordinance filed in the county law library. We also note and find troubling the inadequacy of the published summary insofar as it fails to indicate where or how the prior ordinance was amended. However, Landowners did

Following a hearing, the ZHB found that the ordinance contained revisions to "no more than five percent of the [1987] Ordinance." Further, the ZHB noted that throughout the period of consideration and draft revisions Township officials and the County Planning Commission referred to the proposed ordinance as an amendment. Based on this and other evidence, characterized by the ZHB as "simply overwhelming," the ZHB concluded that the ordinance amended the 1987 Ordinance. The ZHB concluded that the notices, both published and posted, complied with the MPC requirements for the enactment of ordinance amendments. The ZHB further found that the Planning Commissions for both the Township and the County had reviewed and commented upon the amendments as required. Consequently, the ZHB upheld the ordinance.

Landowners appealed to common pleas, challenging the sufficiency of evidence supporting the finding that the Supervisors enacted an amendment rather than a new ordinance and raising all of the procedural errors earlier asserted. Without taking additional evidence, common pleas agreed that the evidence established that the Supervisors adopted a new ordinance rather than mere amendments. Common pleas explained that comparison of the 1987 Ordinance and the newly enacted ordinance revealed that the Supervisors changed or added 91 sections amounting to 52% of the prior ordinance, defined 7 zoning districts rather than the 5 established in 1987, added substantially to the definitional section, and amended the zoning map. Common

pleas also pointed to the lack of italics and underscoring in the usual style utilized by the Township for prior amendments.

Based on the conclusion that the Supervisors adopted a new ordinance, common pleas ruled that the enactment failed to comply with the MPC in that the Township Planning Commission did not prepare the new ordinance and the published notices of the public hearing were misleading in characterizing the ordinance as an amendment. In the alternative, common pleas ruled that even if considered as an amendment, the enactment failed to comply with the MPC requirements for posted and published notice. Common pleas deemed posted notice inadequate due to the lack of posting in areas of proposed map changes, such as Lake Meade, and deemed published notice inadequate because the summary failed to "provide any insight as to the major thrust" of the changes. Based on these conclusions, common pleas declared the ordinance void ab initio.

The Township filed the present appeal. It contends that the ordinance was an amendment, published notice describing it as such did not mislead, a fair reading of the published summary reveals sufficient information to alert the public to contemplated changes, and the posted notices complied with the MPC directive to post "at points deemed sufficient by the municipality along the tract to notify potentially interested citizens." Section 609(b), 53 P.S. § 10609(b). Finally, the Township challenges the ZHB's finding, which common pleas adopted, that the Supervisors prepared the ordinance.[6]

not raise these or any other deficiency under Section 610 in their challenge filed with the ZHB or in their appeal to common pleas and they do not mention Section 610 in their brief to our court. For this reason, they have not preserved any objections or arguments concerning Section 610. Common pleas should not and we will not inquire sua sponte into

the township's compliance with the requirements in Section 610. *See Allegheny Energy Supply Co. v. Township of Blaine,* 829 A.2d 1254, 1261 n. 8 (Pa.Cmwlth.2003).

**6.** The record establishes that the preparation of the proposed ordinance was a collaborative effort. Following the adoption of the 2000

■ The MPC imposes different requirements on the adoption of a new ordinance than on the enactment of amendments but they have in common the requirement for a pre-enactment public hearing pursuant to public notice. Published notice for either a new ordinance or an amendment is governed by the definition of "public notice" in Section 107.[7] In their challenge to the ZHB, Landowners asserted flaws in compliance with the definitional requirements, which establish the timing of publication. Common pleas found no merit in these assertions, as did the ZHB, and we agree. The MPC requires publication once each week for two successive weeks not more than thirty days nor less than seven days prior to the hearing date. The Township caused publication on February 15, 22 and 25, noticing the March 4 hearing. Hence, the publications met the timing requirements under the MPC definition.

■ In ruling that the published notices were inadequate, common pleas focused on the published statement that the ordinance under consideration amended the existing zoning ordinance. Common pleas concluded that this statement misled potentially interested residents. For this reason, common pleas ruled that the published notices, in failing to state that a new ordinance was under consideration, did not accurately inform the public as to the "particular nature of the matter to be considered," as required under the definition in Section 107, 53 P.S. §§ 10107. While we agree with common pleas that the Supervisors failed to adhere to requisite procedures, we do not conclude that the published notice inaccurately stated the nature of the zoning ordinance. Rather, we conclude that the enactment is fatally flawed by the Supervisors' failure to adequately post hearing notices along tracts subject to a map change.

■ Our analysis does not depend on our first determining whether the Supervisors enacted an amendment or adopted a new ordinance. In the present case, the challenged ordinance is equally susceptible to either characterization. The document appears to be a complete integrated ordinance and states that it repeals and replaces the prior ordinance. However, comparison of the 1987 Ordinance and the newly enacted ordinance supports the ZHB's finding that the new ordinance changed only a portion of the prior ordinance. We conclude that the factors that common pleas pointed to, such as the quantum of changes affected, the absence of the conventional strike/add drafting format or the statement that the enacted ordinance repeals and replaces an earlier ordinance, do not provide a sound basis for distinguishing a new ordinance from amendments. In any event, resolution of the present case does not require us to determine whether the challenged ordi-

Comprehensive Plan in July of 2000, the Planning Commission submitted ordinance changes to the Supervisors in the fall of 2000, which underwent the lengthy review and revision process that eventually culminated in the challenged enactment. While our decision in the present case does not depend on determining which municipal body prepared the ordinance, we note that the preparation process is not at odds with any directive in the MPC.

7. The MPC defines "public notice" as "notice published once each week for two successive weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall not be more than 30 days and the second publication shall not be less than seven days from the date of the hearing." Section 107, *as amended,* 53 P.S. § 10107.

nance is new or amendatory. We conclude that, regardless of the amount of change effected or the fact that the 2003 Ordinance replaced the 1987 Ordinance, insofar as this was not the first zoning ordinance adopted, the Supervisors did not err in calling the proposed legislation an "amendment" in the published notice.

The MPC does not define or otherwise clarify what critical distinctions mark the difference between a wholly new ordinance subject to the requirements of Sections 607 and 608 versus an amendatory ordinance subject to the requirements of Section 609. Clearly, the initial zoning ordinance adopted by a municipality must be prepared in accordance with Section 607 and enacted in accordance with Section 608. Other than this requirement, the MPC provides no bright line rule as to whether a municipality must announce comprehensive changes effected by the repeal and replacement of an existing ordinance as a "new" ordinance. Logically, it would seem that all zoning legislation after the adoption of the first ordinance is an amendment. However, proposed changes to an existing ordinance may be so numerous and broad in their affect that treating the proposed legislation as a new ordinance is appropriate. For example, in *Budco Theatres, Inc. v. Zoning Hearing Board of Springettsbury Township,* 159 Pa.Cmwlth. 257, 632 A.2d 1072 (1993), the municipality repealed and replaced its previous zoning ordinance based on a newly drafted comprehensive plan. *Id.* at 1075–

76. Our court ruled that the municipality properly enacted the new ordinance under Section 608 and was not required to comply with the requirement in Section 609 for an additional public hearing on post-hearing changes in a proposed draft of zoning amendments. *Id.*

■ From a purely practical perspective, when a municipality undertakes, as it must do periodically, a review of its comprehensive plans for future land use, the legislative result may be very broad changes to the prior ordinance. Published notice that the municipality is considering an entirely new ordinance that replaces the previous ordinance certainly serves to put property owners on notice to inquire further into how they may be affected. Inasmuch as the purpose of published notice is to alert interested landowners, *s e.g., Lower Gwynedd Township v. Gwynedd Properties, Inc.,* 527 Pa. 324, 329, 591 A.2d 285, 287–88 (1991), calling an ordinance that repeals and replaces the previous ordinance "new" serves the purpose. But, equally correct when considering enactment of a zoning ordinance that follows the enactment of the first ordinance, is notice that labels the proposed ordinance an "amendment." The only crucial matter is that once the governing body determines that its proposed ordinance is either new or an amendment, it consistently labels the proposed legislation and complies with the applicable procedural requirements.[8]

---

**8.** The MPC provides implicit support for recognizing a municipality's discretion in treating a zoning ordinance subsequent to the first adoption as new or amendatory. Section 609(a) provides that, in preparing ordinance amendments, the municipality may employ the procedures set forth in Section 607 for the preparation of a new ordinance. In addition, recently enacted changes to Section 609, which are not directly applicable to the present case, suggest that a pragmatic approach based on effective public notice should be the focus rather than concern with a label of "new" versus "amendment." In 2002, the General Assembly added to Section 609 a requirement that the municipality mail notice of map changes to directly affected property owners. However, mailed notice is not required "when the rezoning constitutes a comprehensive rezoning." 53 P.S. § 10609(b)(2)(ii). Clearly, regardless of the fact that every zoning ordinance after the first

In the present case, the Supervisors announced the proposed ordinance as an amendment and, therefore, they were obligated to comply with the posting requirements in Section 609(b), 53 P.S. § 10609(b). Section 609(b) directs that "notice of said public hearing shall be conspicuously posted by the municipality at points deemed sufficient by the municipality along the tract to notify potentially interested citizens." This posting requirement serves to inform not only the Landowners directly affected by the map changes but also the public generally. In *Johnson v. Zoning Hearing Board of Stroud Township*, 144 Pa.Cmwlth. 479, 601 A.2d 927 (1992), we considered a similar argument regarding inadequate compliance with an earlier and slightly different version of Section 609(b). In *Johnson* we stated:

> Generally, statutes calling for notice in a particular manner and form before a zoning law is adopted or amended are mandatory and nonwaivable. *Kurren Appeal*, 417 Pa. 623, 208 A.2d 853 (1965); *Kelly v. Philadelphia*, 382 Pa. 459, 115 A.2d 238 (1955). The procedures established by the legislature for the enactment of ordinances must be strictly followed in order for an ordinance to be valid. *Lower Gwynedd Township v. Gwynedd Properties, Inc.*, 527 Pa. 324, 591 A.2d 285 (1991).

*Id.* at 484, 601 A.2d 927.

In challenging the adequacy of posted notice, Landowners pointed to the failure to post every one of their properties along Route 15. Section 609 does not require posting each tract subject to a map amendment; it requires posting at points along the affected tract sufficient to notify potentially interested citizens. The postings in the Route 15 corridor were adequate. However, the Township failed to post any notices of proposed map changes in the Lake Meade District in the southwest where an area was rezoned to AC–I and in the northeast where boundary changes were made in the area of the R–A and R–S District.[9] The complete absence of postings in these areas is a fatal flaw that invalidates the enactment of the challenged ordinance. For this reason, common pleas properly declared the ordinance void.

Accordingly, we affirm.

### ORDER

AND NOW, this 7th day of March, 2005, the order of the Court of Common Pleas of Adams County in the above captioned matter is hereby AFFIRMED.

amends what came before, the practicalities of providing effective public notice may call for announcing the adoption of a new ordinance if the proposal is for comprehensive change, while amendments may call for announcing the discrete changes and providing particular notice to those properties most affected.

9. In their challenge to the ZHB, Landowners only alleged a deficiency in the postings along the Route 15 corridor. However, after the township submitted its map of the posting locations, which revealed the absence of postings along other tracts subject to map changes, Landowners expanded their argument to include the insufficiency of postings in the additional areas. Thereafter, they consistently preserved this contention.