624 A.2d 232

**TINICUM TOWNSHIP, Appellant,**

v.

**TINICUM TOWNSHIP ZONING HEARING BOARD.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1993.

Decided March 31, 1993.

Robert J. Sugarman, for appellant.

No appearance for appellee.

Stephen A. Shelley, for intervenor Mark Hankin.

Before CRAIG, President Judge, McGINLEY, Judge, and LORD, Senior Judge.

McGINLEY, Judge.

Tinicum Township (Township) appeals from an order of the Court of Common Pleas of Bucks County (common pleas court) that affirmed an order of the Tinicum Township Zoning Hearing Board (ZHB) that held an amendment to the Town-

ship's zoning ordinance (ordinance) to be invalid. The Township's Board of Supervisors advertised a proposed amendment to the ordinance to modify existing provisions relating to "flood fringe" areas and "flood plain soils." The advertisement included the full text of the amendment, as well as the date and location of the public hearing on it. However, the advertisement did not include "a reference to a place in the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof," as required by Section 610(a) of the Pennsylvania Municipalities Planning Code (MPC).[1]

■ Mark Hankin (landowner), whose land is partially affected by the ordinance, filed a challenge pursuant to Section 909.1(a)(2) of the MPC,[2] which provides for challenges before a zoning hearing board "raising procedural defects or alleged defects in the process of enactment or adoption" of an ordinance, if brought within thirty days of the effective date. After a hearing, the ZHB concluded that advertisement of the amendment was defective because of the lack of notice of a place of availability for examination and obtaining of copies. The ZHB rejected the Township's assertion that the landowner lacked standing to bring the challenge, and it held the ordinance invalid. The Township appealed. Without taking additional evidence, the court of common pleas affirmed, and the Township now appeals to this court. Where the common pleas court takes no additional evidence, this court's scope of review in a land use appeal is to determine whether the zoning hearing board committed a manifest abuse of discretion or an error of law. *Curtis Investment Co. v. Zoning Hearing Board of the Borough of West Mifflin,* 140 Pa.Commonwealth Ct. 302, 592 A.2d 813 (1991).

The issues raised by the Township are (1) whether a landowner has standing merely because he has land subject to

1. Act of July 31, 1968, P.L. 805, *as reenacted and amended* by Section 55 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10610.
2. 53 P.S. § 10909.1(a)(2), added by Section 87 of the Act of December 21, 1988, P.L. 1329.

the ordinance, or whether he or she show an adverse effect; and (2) whether strict compliance with Section 610 of the MPC requires a statement of where an ordinance may be examined, when the full text of the ordinance is in the advertisement itself.

On the question of standing, the Township avers that the changes brought about by the amendment, especially the provision now permitting limited development on flood plain soils, will actually increase the ability of the landowner to use his property. It cites a recent statement of the strict standing requirement to bring a challenge to government action in general:

> [O]ne must generally have a substantial, direct and immediate interest in the claim sought to be litigated. A substantial interest is one in which there is 'some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law.' William Penn [Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 195, 346 A.2d 269, 282 (1975) ]. A 'direct' interest requires a showing that the matter complained of causes harm to the party's interest. Upper Bucks County Vocational–Technical School Education Association v. Upper Bucks County Vocational–Technical School Joint Committee, 504 Pa. 418, 474 A.2d 1120 (1984).

*Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment of the City of Pittsburgh,* 145 Pa.Commonwealth Ct. 503, 514, 604 A.2d 298, 303 (1992). Because the Township perceives no harm to any interest of the landowner, and in fact a benefit, it contends that he does not meet this test.[3]

■ The ZHB noted that the landowner's property was affected by the ordinance and concluded that he therefore had standing to bring the appeal. The current provision of the

---

3. The landowner asserts that the Township waived this issue by failing to raise it at the earliest possible time before the ZHB, citing *Cohen v. Zoning Hearing Board of Adjustment of the City of Pittsburgh,* 53 Pa.Commonwealth Ct. 311, 417 A.2d 852 (1980). In *Cohen* the appellants did not raise the issue of standing before the zoning hearing board at all. Here the Township did, albeit by memorandum submitted after the hearing. We conclude that the issue was not waived.

MPC relating to parties appellant before the board is Section 913.3,[4] which provides in relevant part: "Appeals under section 909.1(a)(1), (2), (3), (4), (7), (8) and (9) may be filed with the board in writing *by the landowner affected,* any officer or agency of the municipality, or any person aggrieved." (Emphasis added.) The plain language of this section confers standing on a landowner who is "affected" for purposes of certain enumerated types of appeals, including a procedural validity challenge such as is involved here. The disjunctive phrasing of Section 913.3 grants standing to a "landowner affected" or to a municipal officer or agency or to a "person aggrieved." An owner whose land is rezoned by an ordinance amendment is statutorily designated as one who possesses a sufficiently direct interest, and the landowner need not be "aggrieved" or required to prove an "adverse effect" or "harm" to his or her interest to have standing as to a matter enumerated in Section 913.3. The Township concedes that this land is affected by the ordinance. Absent some controlling and contrary judicial interpretation of Section 913.3, that is the end of the inquiry.[5]

4. 53 P.S. § 10913.3, added by Section 93 of the Act of December 21, 1988, P.L. 1329.

5. *Compare Northampton Residents Association v. Northampton Township Board of Supervisors,* 14 Pa.Commonwealth Ct. 515, 521, 322 A.2d 787, 791 (1974), which interpreted standing pursuant to the provision governing procedural validity challenges before the 1988 amendment and reenactment of the MPC, former Section 1003, added by Section 1003 of the Act of June 1, 1972, P.L. 333, *formerly* 53 P.S. § 11003, repealed by Section 100 of the Act of December 21, 1988, P.L. 1329:
    [W]hile Section 1003 of the MPC ... does not specifically provide who may bring an appeal pursuant thereto, it should be noted that challenges to the validity of a zoning ordinance are spoken of throughout the MPC as being brought only by a 'landowner' or by a 'person aggrieved'. We believe it reasonable to hold, therefore, that an appeal raising the question of an alleged defect in the process of enactment of a zoning ordinance may be brought only by a 'landowner' whose land is directly affected by the ordinance in question, or by a petitioner who is clearly a 'person aggrieved'.
    The landowner cites *Roeder v. Hatfield Borough Council,* 439 Pa. 241, 266 A.2d 691 (1970), for support, but that case is inapposite. *Roeder* involved a substantive validity challenge brought pursuant to former Section 914 in its original form, *formerly* 53 P.S. § 10914, repealed by Section 94 of the Act of December 21, 1988, P.L. 1329, which provided that certain challenges might be filed with the Board "by any officer or

The Township does not cite or discuss Section 913.3 of the MPC or any cases interpreting it. The cases the Township does cite all relate to "person aggrieved" standing. *Pittsburgh Trust*, for example, concerns the standing of community and civic groups to challenge the grant of special exceptions and variances for the operation of an amusement arcade, pursuant to Section 752 of the Local Agency Law,[6] which grants a right to appeal to court to "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication . . . ." The cases cited by the Township do not purport to address the standing of a "landowner affected" pursuant to Section 913.3 and are therefore inapposite.

The legal sufficiency of the publication of zoning ordinances is governed by Section 610(a) of the MPC:

> (a) Proposed zoning ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section, and shall include the time and place of the meeting at which passage will be considered, a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage. Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail. If the full text is not included:

> (1) A copy thereof shall be supplied to a newspaper of general circulation in the municipality at the time the public notice is published.

agency of the municipality or any person aggrieved." Former Section 914 was amended by Section 914 of the Act of June 1, 1972, P.L. 333, to provide for challenges by "the landowner affected, any officer or agency of the municipality, or any person aggrieved." The subject matter of former Section 914 now is covered by Section 913.3.

6. 2 Pa.C.S. § 752.

(2) An attested copy of the proposed ordinance shall be filed in the county law library or other county office designated by the commissioners, who may impose a fee no greater than that necessary to cover the actual cost of storing said ordinance.

The ZHB considered the case to be controlled by *Lower Gwynedd Township v. Gwynedd Properties, Inc.*, 527 Pa. 324, 591 A.2d 285 (1991). There the Supreme Court reversed this court and sustained a procedural validity challenge to a property-condemning ordinance for failure to comply with requirements of Section 702 of The Second Class Township Code,[7] relating to adoption of ordinances generally. No full text of the ordinance was published, nor was a copy provided to a newspaper or county law library or other designated office, under provisions similar to those in Section 610(a)(1) and (2) of the MPC.

The Supreme Court expressly rejected the argument that substantial compliance with the publication notice provisions was sufficient. The Court cited *West Conshohocken Borough Appeal*, 405 Pa. 150, 173 A.2d 461 (1961), for the proposition that statutory requirements relating to recording of ordinances are designed to protect public interests, not private ones, hence there is no duty on one raising a challenge on this basis to show prejudice. The Court referred to *Fierst v. William Penn Memorial Corp.*, 311 Pa. 263, 166 A. 761 (1933), where the statutory notice provision in effect at the time required publication of the full text of ordinances, except that it was sufficient to refer to a place where maps, plans and drawings could be examined. The statement that the map accompanied the ordinance was held insufficient to meet the requirement, as was the fact that the name of the township secretary was published along with a statement that the secretary was the keeper of the records. The Court also cited *Kurren Appeal*, 417 Pa. 623, 208 A.2d 853 (1965), where the publication was deficient only in omitting that a "public hearing" would be held, although it stated that the council "will consider the adoption of a proposed zoning ordinance." Al-

7. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65741.

though the appellants there had actual knowledge of the hearing and attended, this did not excuse the municipality's failure to comply with the mandatory statutory publication requirements. The Court held in summary:

The right of the public to participate in the enactment of municipal ordinances required that municipalities strictly follow the prescribed notice procedures in order to validate any ensuing legislation.

The precedents of this Court have been consistent in holding that statutory publication requirements are mandatory and that ordinances adopted without strict compliance are void.

*Lower Gwynedd Township,* 527 Pa. at 329, 591 A.2d at 287–88.

■ Here the Township, although conceding its failure to publish the location for examining the amendment and obtaining copies, nevertheless contends that it "strictly complied" with the requirements of Section 610(a) of the MPC, so long as strict compliance is not interpreted to require "literal compliance" that, in its view, leads to an absurd result. The Township relies heavily on the report of the Local Government Commission of the General Assembly entitled Analysis of Revisions to the Pennsylvania Municipalities Planning Code (Act 247 of 1968, as amended by Act 170 of 1988): Historical Development, Legislative Intent, and Commentary on Amendments Enacted During 1987–88 Legislative Session (George T. Bisel 1989). The analysis for Section 610 states: "This section is amended to combine and replace existing Section 610 and Section 611. This procedure for enacting zoning ordinances is similar to those procedures required by the various municipal codes for enactment of ordinances." *Id.* at 33. The Township points to various municipal code notice provisions that provide for publication of the full text of an ordinance *or* a statement of the place of availability.[8] It argues that the interpretation

---

8. E.g., Section 1006(4) of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46006(4):

Publication of any proposed ordinance shall include either the full text thereof or the title and a brief summary prepared by the borough solicitor setting forth all the provisions in reasonable detail and a

adopted by the ZHB and the common pleas court preserves ambiguity that existed in Section 610 before amendment and leads to an absurd result. Further, it asserts that no one questions that, as applied to the present facts, there is no merit, rationale or reason to require more than the Township advertisement contained.

In *Pittsburgh School District Condemnation Case,* 430 Pa. 566, 244 A.2d 42 (1968), the Township notes, the Supreme Court held that the strict construction required for eminent domain provisions did not require that they be construed as narrowly as possible or so literally and without common sense that the obvious intent of the legislature is frustrated. The Township distinguishes *Lower Gwynedd Township* by noting that the points of noncompliance resulted in the landowner's not being able to see the ordinance before it was enacted, whereas here the publication of the full text prevented that problem.

The landowner responds that the provisions of Section 610(a) are not confusing, ambiguous or obscure. He cites cases requiring strict compliance with publication requirements, including the recent case of *Johnson v. Zoning Hearing Board of Stroud Township,* 144 Pa.Commonwealth Ct. 479, 601 A.2d 927 (1992), where this court affirmed a common pleas court's invalidation of an ordinance under Section 609(b) of the MPC,[9] for failure to post notice of a proposed zoning change of a particular tract in wooded areas "around the perimeter" of the property. Further, he notes that one of the published notices for this amendment indicated that the amendment might be further revised, making access to an accurate copy of particular importance.

We agree with the ZHB and the landowner. The requirement to publish the place of availability for inspection and copying stands on its own in Section 610(a) and appears in a different sentence from other directions relating to whether or not the full text is published. The plain language of the

reference to a place within the borough where copies of the proposed ordinance may be examined.

9. 53 P.S. § 10609(b).

statute does not provide for a statement of place of availability as an alternative to publication of the full text. The legislative commentary cited by the Township states that the notice provisions are now "similar" to those in the municipal codes, not identical to them. We may not ignore the letter of a statute under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). The Township's position, in essence, is that no one was prejudiced by lack of notice of place of availability because the full text was published. *Lower Gwynedd Township,* noted above, emphasizes that publication requirements protect public interests, not private ones, hence a challenger need not allege or prove prejudice.

Further, we perceive no violation of the rule of construction against absurd results, 1 Pa.C.S. § 1922(1). The Township does not dispute that Section 610(a) requires it to make the proposed ordinance available for examination and obtaining of copies. Where that is the case we agree it is absurd *not* to require publication of the relevant information. The legislature intended townships to provide thorough notice and opportunity to study a proposed land use ordinance or amendment. We cannot frustrate the legislature's clear intent. The order of the common pleas court is affirmed.

## ORDER

**AND NOW,** this 31st day of March, 1993, the order of the Court of Common Pleas of Bucks County at No. 91–11855–13–5, dated May 13, 1992, is affirmed.