## Mercer County Citizens for Responsible Development v. Springfield Township Zoning Hearing Board

C.P. of Mercer County, nos. 3721 Civil 2005, 374 Civil 2006, 2350 Civil 2006, 2902 Civil 2006.

*Daniel F. Gramc* and *Andrew F. Szefi,* for appellants.
*Douglas C. Straub,* for appellee Springfield Twp. Zoning Hearing Board.
*Raymond H. Bogaty,* for intervenor Springfield Township.
*William R. Sittig Jr.,* for intervenor Grove City Properties L.P.

FORNELLI, *P.J.*, January 17, 2007—

## HISTORY

On February 7, 2005, A.S.C. Corporation filed a zoning change application requesting certain property in Springfield Township, Mercer County, Pennsylvania be rezoned from Commercial 2 (C-2) to Commercial 1 (C-1). A public hearing on the application was held on February 28, 2005 before the township planning commission, which voted to recommend its approval. The township board of supervisors granted the zoning change by ordinance number 04-2005 on June 6, 2005.

This action spawned a number of appeals, some to the Springfield Township Zoning Hearing Board and others directly to this court. Those appeals are as the following:

### 2005-3721 Procedural Errors

This is an appeal from the ZHB's decision of June 29, 2005 denying Mercer County Citizens for Responsible Development, John Woods, Geri Woods, Robert Moors and Marian Moors' (appellants) challenge to the zoning amendment on the basis of alleged procedural errors in its enactment. The errors alleged included:

"(1) failing to conspicuously post the property as required under title 53 P.S. §10609 (the Municipalities Planning Code);

"(2) providing an inaccurate and/or incomplete description of the subject property under sections 609-610 in the requisite advertising notices published;

"(3) having someone other than the municipal solicitor prepare the notices for the public hearing in violation of section 10610; and

"(4) publishing the June 6, 2005 supervisors meeting as a public hearing rather than a public meeting."

Appellants filed their appeal with this court on November 21, 2005.

### 2006-374 Preliminary Approval

After approval of the zoning amendment, on October 17, 2005, Grove City Properties L.P., the proposed developers of the property, filed with Springfield Township an application for approval of a plan for preliminary land development on the property affected by the amendment. Despite a substantive challenge to the zoning amendment pending before the ZHB,[1] the township board of supervisors on January 3, 2006 granted preliminary approval of the land development. Appellants filed an appeal from this approval directly to this court on February 1, 2006.

Appellants argue that a stay was imposed by law under the Municipalities Planning Act, section 10915.1, once they had filed a substantive appeal with the ZHB on December 16, 2005, which prevented the township board of supervisors from ruling upon the preliminary land development plan while that challenge was pending before the ZHB.

---

1. See 2006-2350 substantive challenge on p. 179, *infra.*

## 2006-2350 Substantive Challenge

Appellants filed with the ZHB on December 16, 2005, a substantive challenge to the zoning amendment that included a claim that it constituted spot zoning. A public hearing by the ZHB was held February 1, 2006. At the hearing, two Springfield Township residents, who are also appellants, and a township landowner testified on behalf of appellants: Mr. Bucha, who lives four-tenths of a mile from the development area; Mrs. Marian Moors, who lives four miles away; and Mr. Woods, who owns property approximately five to six minutes away from the subject area. These individuals cited increased traffic and/or crime in the area as their concerns with the development. On June 15, 2006, the ZHB denied the substantive challenges, which was appealed to this court on July 13, 2006.

## 2006-2902 Final Approval

Despite the pending appeal to this court from the township's approval of the developer's preliminary land development plan, the township granted Grove City Properties L.P. final approval on their development plan on August 15, 2006.[2] Appellants filed a direct appeal from that final approval to this court on August 31, 2006.

Each of the above four appeals also involve other issues including the standing of the appellants to raise their procedural and substantive challenges.

---

2. Obviously, if the preliminary approval was stayed, as argued at 2006-374, *supra,* there could be no valid final approval of the development plan without a prior valid preliminary approval.

## OPINION AND ORDER

Most of the issues raised by these appeals will be rendered moot by the decision herein. Additionally, some of the issues should be further mooted if the township pursues reenactment of the zoning amendment and follows the proper statutory procedure thereafter.[3]

Appellants have claimed a number of procedural errors in the township's enactment of the zoning amendment ordinance. If the zoning amendment was not properly enacted by the township, all other actions taken pursuant to that amendment fall, including any approval of development plans thereunder.

The court will first address the issue of whether the statutorily mandated notice of zoning amendment was given. If the notice given was improper, the amendment is void, all approvals under the amendment are void, and any other challenges to the amendment are moot.

But in order to consider this notice challenge, the court must first resolve the issue of the standing of appellants to raise such a procedural challenge.

### A. Standing

The township, the ZHB and the developer have all asserted that appellants lack standing to raise their chal-

---

3. *E.g.,* MPC is clear that if a substantive appeal is taken to the ZHB, during its pendency before the ZHB all land development under the challenged ordinance is stayed. It is assumed that if such an appeal is taken from any future township zoning amendment, no action will be taken by the township on requests for preliminary approval of land development under the challenged amendment during its pendency before the ZHB. See 53 P.S. §10915.1.

lenges. In deciding whether appellants have standing to raise their challenges, each appeal must be viewed separately because the requirements for standing to challenge a zoning amendment differ for procedural zoning challenges and for substantive zoning challenges.

In general, any resident of a township has standing, as an aggrieved person, to challenge whether changes in its zoning ordinance are passed in accordance with proper procedure. *Ardmore Manor Civic Association v. Haverford Township,* 51 D.&C.2d 417 (1970). Citizens have a right to ensure that they receive notice of all proposed changes to the zoning ordinance, *i.e.,* that such notices will be posted properly and will adequately describe the proposed changes so they may meaningfully participate in the amendment process. *Tinicum Township v. Tinicum Township Zoning Hearing Board,* 154 Pa. Commw. 476, 624 A.2d 232 (1993).

Further, citizens have such standing because changes to the zoning ordinance of a municipality potentially affect everyone. In *Tinicum Township,* the court stated, "publication requirements protect public interests, not private ones, hence a challenger need not allege or prove prejudice." *Tinicum Township,* 154 Pa. Commw. at 485, 624 A.2d at 237.

Likewise, courts have held:

"[R]esidents of a municipality have a sufficient legal interest in preserving the integrity of the local zoning ordinance to give them the status of 'persons aggrieved' enabling them to challenge amendments to the ordinance: [citing] *Roeder v. Hatfield Borough Council,* 439 Pa. 241, 266 A.2d 691 (1970); *Raum v. Tredyffrin Twp. Board of*

*Supervisors,* 20 Pa. Commw. 426, 342 A.2d 450 (1975)."
*Leech v. Cater,* 2 D.&C.3d 470, 472 (1977).

The United States Supreme Court has established a test for when a plaintiff has standing to challenge a statute. To have standing, one must determine whether "the interest the plaintiff seeks to protect is arguably within the zone of interests sought to be protected by the statute or constitutional guarantee in question." *Association of Data Processing Service Organizations Inc. v. Camp,* 397 U.S. 150, 152, 90 S.Ct. 827, 829 (1970).

In the case at bar, the procedural issues raised by appellants deal with the adequacy of the notice which the township gave regarding the proposed zoning change. The interest to be protected by the notice statutes, 53 P.S. §§10609 and 10610, is the right of the citizens of the municipality to be given notice of the proposed changes. The statutes' drafters clearly were concerned with a municipality giving adequate notice to its citizens prior to zoning changes being enacted.

Accordingly, failure to give proper notice invades an interest that residents, such as appellants, have standing to protect. Therefore, appellants do have standing to assert the procedural errors alleged to have occurred in the township's enactment of the zoning amendment. We will therefore turn to the first of the appellant's procedural challenges.

## B. Notice

Appellants appeal at 2005-3721 from the ZHB's opinion that there were no procedural errors in the amendment's enactment that caused harm to appellants. Appel-

lants have cited several errors. However, this court need only decide the challenge to the posted notice given because all other challenges are mooted by its determination.

Appellants assert that the only posted public notice of the proposed amendment was one sign being a white 8 x 11 1/2 sheet of paper posted between 35 to 60 feet off of the public roadway on private land, and that this was not sufficient to satisfy 53 P.S. §10609(b). Section 10609(b) provides that notice of a public hearing on a zoning amendment shall be "*conspicuously* posted . . . at *points* deemed sufficient . . . along the tract to notify potentially interested citizens." (emphasis added)

In *Rickert v. Latimore Township Board of Supervisors,* 869 A.2d 1086, (Pa. Commw. 2005), the supervisors posted the signs but failed to post them in all areas being re-zoned. The court ruled that "[t]his posting requirement serves to inform not only the landowners directly affected by the map changes but also the public generally." *Id.* at 1094.

An inadequacy in notice posting is a fatal flaw that renders a subsequent zoning ordinance void. *Rickert v. Latimore Township Board of Supervisors,* 869 A.2d 1086, 1094 (Pa. Commw. 2005). See also, *Johnson v. Zoning Hearing Board, Stroud Township,* 144 Pa. Commw. 479, 484, 601 A.2d 927, 929 (1992).

In the case at bar, the only notice posted was in one location on a white 8 x 11 1/2 sheet of paper 35 to 60 feet off of the road with no distinguishing features on that sign as to size, font, color or type. The purpose behind posting the notice is to ensure any interested person

has at least the opportunity to be advised of the pending zoning hearing. If the sign is not designed to give notice, it has not served its purpose.

The sign and its contents were barely visible to the public let alone "conspicuous" as required by the statute. A white sheet of paper with one size font 35 to 60 feet away is hardly sufficient to attract a pedestrian's attention let alone the motoring traffic. The subject property is bounded by a four-lane highway (Interstate 79) on the west and on the south is a heavily traveled two-lane highway (Route 208) that widens into a three-lane road. There are no roadways on the eastern and northern borders. Clearly, the target audience in this area is the motoring public. Thus, the sign and the fact it is a notice sign should be visible from the roadways. Here, in order to read this sign, a motorist would have to stop his vehicle, exit it, and trespass upon the land to get close enough to read it. Clearly, these things make the notice anything but conspicuous.

Additionally, the statute requires the notice to be posted at "points." Obviously, the legislature felt that to adequately notify the public there needs to be more than one sign "at points." With over 828 square feet of frontage that the supervisors could have posted upon, failure to post more than one sign, and failure to post it alongside the roadways, also makes this posting inadequate. Since notice of the proposed zoning amendment was inadequate, its enactment was faulty and the amendment is void.

As stated above, appellants raised several other procedural issues including:

"(a) The announcement of the proposed amendment included more land in the description of property than was to be re-zoned;

"(b) Someone other than the township solicitor prepared the notice contrary to section 10610 of the Municipalities Planning Code; and

"(c) The public meeting was listed as a public hearing."

While these errors alone appear to be de minimis, we need not consider them since they are mooted by the holding that the failure to properly post the subject property was fatal to valid enactment.

Accordingly, the appeal at 2005-3721 from the zoning hearing board's ruling on procedural error is sustained. The appeal from the ZHB on substantive grounds and the direct appeals from the township's preliminary and final approvals of the land development plans will be dismissed as moot since the zoning amendment, which is the basis of these challenges, was improperly enacted.[4] Hence this order.

## ORDER

And now, January 17, 2007, the appeal at 2005-3721 is sustained and ordinance no. 04-2005 is held to be in-

---

4. While the court may be tempted to rule on these other appeals, to do so would be to render advisory opinions on issues not ripe for determination. However, the court is constrained to note that a close reading of this opinion and its footnotes points to resolution of the direct appeals on grounds of stay from the preliminary and final land development approvals by the township. Moreover, the substantive challenge to the ordinance on the basis of spot zoning is controlled by well settled and uncomplicated decisional law.

186

validly enacted without proper notice in accordance with 53 Pa.C.S. §10609(b). The appeals at 2006-374 (preliminary approval), 2006-2350 (substantive challenge) and 2006-2902 (final approval) are dismissed as moot.